CASE 56.—ACTION BY THE COMMONWEALTH AGAINST
     HIRAM SMEDLEY AND OTHERS.—January 27, 1910.

## Smedley, &c. v. Commonwealth

Appeal from McCracken Circuit Court.

W. M. REED, Circuit Judge.

Judgment for plaintiff, defendants appeal.—Affirmed.

Clerks of Courts—Liability on Official Bonds—Statutes.—Ky. St.
Sec. 4242, prescribes the duty of a county court clerk in col-
lecting money due the state, and the disposition thereof, and
provides that, if he fails in these duties, he shall be liable
on his official bond with 20 per cent. damages thereon recov-
erable by an action in the name of the commonwealth. Sec.
4263 gives the revenue agent authority, when directed by the
Auditor, to sue in the name of the commonwealth to recover
money from delinquent officers, and provides that, where
a judgment is recovered, the party in default shall pay 20
per cent. of the amount due the state, in addition to the
principal and penalty to be paid to the state, and this shall
be paid to the revenue agent who prosecutes the action for
his services, but that this penalty shall not be in addition
to the penalties in actions in the name of the commonwealth
prosecuted by the county attorneys or other attorneys for
the commonwealth. Held, that a judgment against a county
court clerk and his bondsman, in a suit by a revenue officer
for a violation of the statute, properly included both the 20
per cent. penalty due the state, under the first section, and
that for the benefit of the revenue officer, under the second
section.

MILLER & MILLER for appellants.

W. M. HUSBANDS, JAMES BREATHITT, Attorney General,
and TOM B. McGREGOR, Assistant Attorney General, for Com-
monwealth.

OPINION OF THE COURT BY CHIEF JUSTICE NUNN— Affirming.

Hiram Smedley was county court clerk of Mc-Cracken county, Ky., and his coappellant, the Title, Guaranty & Trust Company of Scranton, Pa., was his surety. While Smedley was clerk, he collected $418, which he failed to pay to the commonwealth or account for according to section 4242, Ky. St. (Russell's St. sec. 6171). W. M. Husbands, the revenue agent for that county, by direction of the State Auditor, instituted this action for the recovery of this money with the penalty prescribed by the section of the statutes referred to. Appellants filed an answer, but failed to state facts therein sufficient to constitute a defense, and a demurrer was sustained to it. It appears from the record that an amended answer was offered, which the lower court also conceived did not state a defense to the action, and refused to permit it to be filed. This amendment is not copied into the record. Therefore we can not determine whether the lower court erred in not permitting it to be filed. The lower court rendered a judgment for $418 and 20 per cent. damages, as provided in the section referred to, in favor of the commonwealth, and then adjudged that appellants should pay an additional 20 per cent. for the benefit of the revenue agent for his services in prosecuting the action.

Appellants ask a reversal for the reason, as they claim, they should not be compelled to pay the double penalty. Section 4242, Ky. St., after prescribing the duties of the circuit and county court clerks with reference to the collection of money due the state and the disposition of it, concludes as follows: "If any

clerk shall fail to perform the duties required of him in this section, he shall be liable on his official bond, with twenty per cent. damages thereon, which may be recovered by action in the name of the commonwealth in any court of competent jurisdiction." As will be observed, this penalty of 20 per cent. is due the commonwealth, and it is entitled to this penalty upon the defalcation of the clerk. The clerk owes it to the commonwealth by reason of the statutes. There is no provision of the statutes authorizing the auditor or any other officer to pay any part of this penalty or of the principal sued for to the auditors' agent for his services in the prosecution of the action, nor could he legally receive any part thereof. It is provided by section 4263, Ky. St. (Russell's St. sec. 6226), that the revenue agent shall have authority, when directed by the auditor, to institute suits in the name of the commonwealth to recover money from delinquent officers, and in all such suits in which a judgment is recovered the party in default shall be adjudged to pay an amount equal to 20 per cent. of the amount due the state in addition to the principal and penalty to be paid to the state, and this shall be paid to the revenue agent who prosecutes the action and recovers the judgment for his services in so doing. This statute is explicit in its terms. The $418 and the 20 per cent., as provided in the first section referred to, were recovered for the commonwealth, and the last section expressly provides that there shall be another 20 per cent. added which shall go to the revenue agent who prosecutes the action for his services. This is seemingly a hardship upon delinquent officers, but it was enacted for the purpose of making them diligent and prompt in the performance of their duties, and the last 20 per cent.,

the one in favor of the revenue agent, was to save the state from having to pay an attorney to prosecute the delinquent officer, as it had done for many years before the passage of the last-named section of the statutes.

Appellants contend that the following part of the last-named section prohibits the adding of the last-named penalty, to wit: "The penalties herein provided for shall not be in addition to the penalties in actions in the name of the commonwealth prosecuted by the county attorney or other attorneys for the commonwealth." This has no application to the case before us. It means that when the county or other attorney represents the commonwealth, in connection with the revenue agent, in an action against a defaulting officer or individual, and when, by statute, a per cent. or penalty is added which is directed to be paid by the delinquent for the benefit of the county or other attorney, in such case the penalty provided in section 4263 for the benefit of revenue agents can not be added in addition to the other penalties named.

For the reasons stated, the judgment of the lower court is affirmed.

BARKER, J., dissenting.